UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| HELEN KARNEY, EXECUTRIX OF THE | : | |
| ESTATE OF ANTHONY E. KARNEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | 3:05-cv-1785 (WWE) |
| | : | |
| LEONARD TRANSPORTATION CORP. | : | |
| and EUGENE BADGER, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

This action arises from an automobile accident involving plaintiff's decedent, Anthony E. Karney, and a tractor trailer owned by defendant Leonard Transportation Corp. and maintained by Eugene Badger. Karney was killed in the accident. Plaintiff alleges that the cause of decedent's death was the failure of defendants to properly maintain and repair the rear bumper on the tractor trailer. She asserts a cause of action for negligence as to Badger and for vicarious negligence, negligent hiring and negligent supervision as to Leonard Transportation. Now pending before the Court are defendants' Motion for Summary Judgment (Doc. #46) and Motion to Strike (Doc. #53). For the following reasons, the motion for summary judgment will be denied and the motion to strike will be denied as moot.

This action has been removed based on diversity of citizenship, and the Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332.

**BACKGROUND**

The parties have submitted briefs, a stipulation of facts and supporting exhibits,

1

which reflect the following factual background.

On November 10, 2003, plaintiff's decedent was driving southbound on Interstate 395 near Exit 81 in Norwich, Connecticut. Road work was being performed in the area of the accident, though the parties dispute the relative locations of the accident and the road work in the area. As defendants' tractor trailer, driven by Jose Vigil, slowed down, plaintiff's decedent collided with the back of the tractor trailer, killing him. The parties disagree over the speeds that Vigil and decedent were driving at the time of the accident as well as decedent's maneuvering in anticipation of the accident.

At the time of the accident, the tractor trailer was equipped with an ICC bumper, the purpose of which is to prevent vehicles that impact the rear of the trailer to underride the trailer. On or about August 13, 2003, defendant Badger performed maintenance on the ICC bumper by welding part of the bumper to the frame. Badger did not normally perform this type of repair. Plaintiff alleges that Badger's repair suffered because Leonard Transportation lacked the necessary equipment and parts to perform it. In addition, Badger did not perform a sufficiently thorough repair job insofar as the repair was performed improperly and incompletely. Following Badger's repair, no one at Leonard Transportation inspected the bumper prior to the accident. Plaintiff further claims that had defendants complied with relevant federal regulations and industry practices, the severity of the accident would have been substantially lessened.

## DISCUSSION

A motion for summary judgment will be granted where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "Only when

reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F. 2d 979, 982 (2d Cir. 1991).

The burden is on the moving party to demonstrate the absence of any material factual issue genuinely in dispute. Am. Int'l Group, Inc. v. London Am. Int'l Corp., 664 F. 2d 348, 351 (2d Cir. 1981). In determining whether a genuine factual issue exists, the court must resolve all ambiguities and draw all reasonable inferences against the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

If a nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof, then summary judgment is appropriate. Celotex Corp., 477 U.S. at 323. If the nonmoving party submits evidence which is "merely colorable," legally sufficient opposition to the motion for summary judgment is not met. Liberty Lobby, 477 U.S. at 24.

Plaintiff's claims all sound in negligence. In order to prove such claims, plaintiff must demonstrate "duty; breach of that duty; causation; and actual injury." Murdock v. Croughwell, 268 Conn. 559, 565 (2004). Whether there is a duty is a question of law. Baptiste v. Better Val-U Supermarket, 262 Conn. 135, 138 (2002). The existence of a "[d]uty is a legal conclusion about relationships between individuals, made after the fact, and is imperative to a negligence cause of action." Mazurek v. Great Am. Ins. Co., 284 Conn. 16, 29 (2007). Thus, without a duty of care, there can be no action for negligence. Murdock, 268 Conn. at 566.

The Connecticut Supreme Court has previously observed, with regard to a duty of care, that

> The ultimate test of the existence of the duty to use care is

> found in the foreseeability that harm may result if it is not exercised. By that is not meant that one charged with negligence must be found actually to have foreseen the probability of harm or that the particular injury which resulted was foreseeable, but the test is, would the ordinary person in the defendant's position, knowing what he knew or should have known, anticipate that harm of the general nature of that suffered was likely to result?

Gomes v. Commercial Union Ins. Co., 258 Conn. 603, 615 (Conn. 2001). Simply because an injury is foreseeable, however, does not mean that there is a duty of care. Rather, the Court must "make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." Mazurek, 284 Conn. at 30.

Defendants move for summary judgment solely on the ground that they owed no duty to plaintiff. They argue that they cannot have a duty to provide a bumper on the tractor trailer with which it is safe to collide. Defendants point out the allegedly negligent driving on the part of decedent that led to the accident. Plaintiff, on the other hand, contends that under the crashworthiness doctrine set forth in Larsen v. General Motors Corp., 391 F.2d 495 (8th Cir. 1968), defendants owe a duty to those individuals whose injuries may be enhanced by negligent repairs.

In Larsen, plaintiff was in an automobile accident and his injuries were enhanced by an alleged design defect in the steering assembly. Plaintiff argued that his injuries were made worse by defendant's faulty design of the steering assembly while defendant contended that it had no duty to design or manufacture an automobile that was safe to occupy during a collision. The Court of Appeals for the Eighth Circuit found that the manufacturer had a duty to design and manufacture an automobile that was

4

safe and "to avoid subjecting the user to an unreasonable risk of injury in the event of a collision." Larsen, 391 F.2d at 502. Further, the court observed the realities of the dangers of driving and indicated that such dangers are "well known to the manufacturer and to the public and these realities should be squarely faced by the manufacturer and the courts." Id. at 503. Therefore, the court concluded that defendant owed a duty of reasonable care in design such that the automobile was free from any unreasonable risk of foreseeable injury even when the manufacturer was not responsible for the initial accident. Larsen thus established the proposition that where a design defect causes a secondary injury, beyond the injury from the initial accident, the party responsible for that enhanced injury can be held liable for it, but not for the initial injury suffered. Id. at 503 ("[T]he manufacturer should be liable for that portion for the damage or injury caused by the defective design over and above the damage or injury that probably would have occurred as a result of the impact or collision absent the defective design.").

Cases in many jurisdictions have considered the risks caused by defectively-designed ICC bumpers. See, e.g., Brandon v. Trosclair, 800 So. 2d 49 (La. Ct. App. 2001); Poorman v. Kidron, Inc., 1996 Ohio App. LEXIS 3901 (Ohio Ct. App., Sept. 11, 1996); Garcia v. Rivera, 160 A.D.2d 274 (N.Y. App. Div. 1990); Murray v. Briggs, 569 So. 2d 476 (Fla. Dist. Ct. App. 1990). Furthermore, the Code of Federal Regulations includes requirements for the design of ICC bumpers. See 49 C.F.R. § 393.86 (setting standards for rear bumpers on trailers).

If, as defendants concur, ICC bumpers are designed to reduce the severity of foreseeable rear end impacts, then it follows that the burden of reducing the severity of an injury must fall on the party who incurs the least cost in avoiding such injury.

Because defendants, as the operator and servicer of a tractor trailer, are best able to reduce the risk of injury from a defective ICC bumper at minimal cost, they have a duty to other motorists to do so. See United States v. Carroll Towing Co., 159 F.2d 169, 173 (2d Cir. 1947).

Finally, insofar as the parties both refer to the tractor trailer's bumper as an "ICC bumper," the Court assumes that this is because defendants are covered under 49 C.F.R. § 393.86. Such federal regulations create a duty of care between the operator of the tractor trailer and the other motorists on the road. Failure to meet this standard must be considered a violation of defendants' duty to other motorists. See Martin v. Herzog, 126 N.E. 814, 815 (N.Y. 1920) (Cardozo, J.) ("By the very terms of the hypothesis, to omit, willfully or heedlessly, the safeguards prescribed by law for the benefit of another that he may be preserved in life or limb, is to fall short of the standard of diligence to which those who live in organized society are under a duty to conform."); see also Aldana v. Air E. Airways, Inc., 477 F. Supp. 2d 489 (D. Conn. 2007) (finding that Connecticut common law negligence claim is established through failure of defendant to comply with federal regulation).

While the initial injury to decedent may not have been the fault of defendants, they remain under a duty to reduce the risk of injury from the enhanced injuries due to the secondary collision. Therefore, a jury could reasonably conclude that the accident involving decedent was foreseeable and that defendants can be held liable for decedent's injuries over and above the initial injury, which, the parties admit, was not due to Vigil's driving.

Contrary to defendants' contentions, the Court's conclusions do not create a

strict liability standard for defendants' conduct. The defendants can still escape liability. For example, if defendants were able to show that decedent suffered no enhanced injuries due to the secondary collision - that is, he would have been killed by the initial injury - then they may not have any liability for secondary injuries. Alternatively, if the defendants can demonstrate that their actions in repairing and maintaining the ICC bumper were not negligent, defendants cannot be held liable under the negligence standard governing this case.

To the extent that defendants cite <u>Rivers v. Great Dane Trailers</u>, 816 F. Supp. 1525 (M.D. Ala. 1993), and <u>Beattie v. Lindelof</u>, 633 N.E.2d 1227 (Ill. App. 1994), the Court finds these cases unpersuasive. In both cases, the courts, with facts similar to that of the instant case, found that there was no duty on the part of the truck operator to maintain a tractor trailer with which it was safe to collide. <u>Rivers</u> relies on the principle that the defendant had no obligation to make an "accident-proof" product, while <u>Beattie</u> relied on <u>Mieher v. Brown</u>, 301 N.E.2d 307 (Ill. 1973), which rested on the assumption that almost nothing was unforeseeable. While the Court agrees with the <u>Rivers</u> premise, it does not agree with the <u>Beattie</u> assumption. The duty on manufacturers in tort law under <u>Carroll Towing</u> and <u>Larsen</u> is to make products which reasonably reduce the risk of foreseeable injuries. See <u>Larsen</u>, 391 F.2d at 502 ("While automobiles are not made for the purpose of colliding with each other, a frequent and inevitable contingency of normal automobile use will result in collisions and injury-producing impacts."). This duty does not eliminate liabilities for injuries on the part of the blameless party. Instead, it is the party who can best avoid the costs of the injury who bears the risk of loss; such burden creates an incentive for that party to reduce the risk

7

of loss.  Negligence law does not put the liability on the wrongdoer per se, but on the party who can best avoid the injury.  Because the operator and servicer of a truck is better able to maintain its safety features in good repair, the onus is on the operator to do so and minimize potential injuries to other motorists, no matter who causes the accident.  Summary judgment will be denied.

**Motion to Strike**

Defendants have moved to strike portions of plaintiff's statement of facts and the conclusions based thereon on the grounds that certain statements are conclusions and do not contain the facts upon which such conclusions are based.  In the course of its decision making, the Court has ignored such facts and concentrated solely on the legal issues at play.  Therefore, the Court will find that the motion to strike is moot.

## CONCLUSION

For the foregoing reasons, the Court DENIES defendants' motion for summary judgment (Doc. #46).  Further, the Court DENIES as moot defendants' motion to strike (Doc. #53).

Dated at Bridgeport, Connecticut, this 23rd day of June, 2008.

/s/
Warren W. Eginton
Senior United States District Judge